*The opinion of the Court was delivered by [*137
Rjchaedson, J.
There is no doubt that upon the return of non est inventus, upon the ca. sa. against the defendant, the bail becomes liable. But it is the settled privilege of bail to surrender his principal on or before the return of the writ, which notifies him that he is to be holden responsible. 1 Wils. 270. Larden v. Bassage, 2 H. Black. 594. It is immaterial whether the bail be sued by sci. fa. or writ in debt. The question is, has the bail been notified? If so, he must hasten to surrender his principal, or become finally fixed' and liable upon his bail bond or recognizance of special bail, as the ease may be. But what is the last moment after suit against the bail, at which he may surrender his principal ? Strictly speaking, the bail is fixed by the return of the ca. sa., yet they *452 have been always indulged with the right of surrendering the principal, even after such return. The English practice is to allow a few days within the first term in the Common Pleas, and in the King’s Bench the whole term. 2 Sel. 56. 8 Mod. Rep. 341. Simmonds v. Middleton, 1 Wils. 270. Bailey v. Smeathman, 4 Burr. 2134. Mannin v. Partridge, 14 East, 600. Our practice has not’ limited the surrender to a time short of the whole term ; and we deem the first term after service of the writ upon the bail, the usual, convenient, and reasonable time, within which the surrender must be made. The term affords a convenient opportunity to make the surrender. It gives the bail some time to search for his principal, and the plaintiff is put to no additional expense; for he cannot proceed upon the writ till after the first term. It is understood in this case that the ft. fa. and ca. sa. were taken out successively during the same vacation, whereby a temporary and perhaps nominal search was made, after both the goods and person of the principal.[1] Row, though it is clear that the plaintiff may sq change his executions, yet I apprehend that the bail is entitled to have a whole vacation for the search to be made. The undertaking of the bail to the action is, that -¡qqo-, the principal will *pa,y the condemnation money, or surrender his -1 .body ; and in default of both, he will himself discharge the claim, and bail to the sheriff is now on the same footing. The failure of the principal to pay, or surrender, is vested by the executions issued. But to take them out, or either of them, for a moment only, would be a mockery. No actual search could 'be made. I apprehend, then, that the execution must have remained with the sheriff throughout the vacation, i, e., from the test to the return, before the bail becomes fixed. But this is not essential to the decision of this case.
Bauskett, for the motion. Stark, contra.
The motion is refused.
Colcock, Nora, Gantt and Johnson, JJ., concurred.

 1 Rich. 421; McKenzie, Cadow & Co. v. Barnes, 11 Rich.
Post. 569 ; 2 Rich. 554; 4 Rich. 460; 1 Rich. 421; 3 McC. 49.