Curia, per

Butler, J.
This ease presents some interesting points, and they have received that attention which their practical importance demands.
The questions to be considered in the judgment of the court are these:
*422 1st. When a ca. sa. has been issued against the principal, can non est inventus be returned on it for the purpose of fixing the liability of bail, before the return day mentioned in the execution itself?
2d. What is the return day of final process in this State?
3d. What are the rights of the bail de jure, and what favors may be extended to them ex gratia, during the pendency of proceedings against the principal, and after an action has been commenced on the bail bond ?
These questions have been collaterally noticed, and, to some extent, adjudged in some of our decisions; but they have been left in so much doubt and confusion, as to render an authoritative judgment on them necessary.
1. No action can be commenced against the bail until they are fixed by a ca. sa. and non est returned upon it, against the principal. The lodging of the ca. sa. must operate as an advertisement to the bail, that their principal must be surrendered from their supposed custody, in exoneration of their liability. This is a continuing notice, till non est inventus is actually returned ; and to make it availing, it should not depend on the caprice of the- plaintiff, or the partiality of the sheriff. Its uniformity, regulated by law, seems to be essential to its efficacy in affording the relief and security contemplated.. And during the time the ca. sa. is in the sheriff’s hands, and before it is legally returned, the bail must have the right to look for and surrender their principal. This length of time should not,depend on the discretion of the officer, but ought to be contained in the directions of the process, under the authority of law. When the process is executed, by the actual arrest of the defendant under it, then its office is exhausted ; but when it is not, in fact, thus executed, the sheriff must perform his duty under it, by making such search as will satisfy him that he cannot find the defendant. In some cases he may perform this service the day after the process has been lodged, when he is entirely satisfied that the defendant cannot then, or at any time before return day, be found in his district. Nor can I see any objection to the entry being made according to the truth of the *423 transaction, that is to say, that search had been made, at some time, and that the party could not be found. This being filed in the sheriff’s office, might operate as a more exciting notice to the bail, but the return of the ca. sa. and the return to the court of non est inventus on it, must not be confounded with such entry, made as convenient information to the sheriff and all the parties concerned. The return of the process, with the note of the sheriff’s actings under it, made at the time of such return, gives the right of action against the bail. This point of view is indicated by my brother O’Neall, in Saunders vs. Hughes, 2 Bail. 514, when he says — “ it might be more difficult, perhaps, to say whether an action against the bail could be commenced until after the term to which the ca. sa. was returnable.” This suggestion shews that the judge had his mind turned to the very question which we are now considering. In conformity with his course of reasoning, in the subsequent parts of his judgment he continued to say that — “ I incline to the opinion, that the plaintiff may ¡require the sheriff to execute and return the ca. sa. forthwith; and that upon the return of non est inventus being made, he may immediately proceed against the bail. But,” as he remarks, “this point not being necessary to the decision of this case, no judgment is intended to be pronounced upon it.” So that, at that time, the law was not settled ; jnor has the question since become the subject of distinct judicial decision.
This dictum, respectable from the authority of the learned judge who threw it out, is not countenanced in What had been said in previous decisions. I refer to the cases of Stevens & Meeds, 1 Con. Rep. (Mill) 318; Davitt vs. Counsel, 2 Nott & McC. 136; and Saunders vs. Bobo, 2 Bail. 492. In this second case, Judge Richardson, who seems to have had his mind fully possessed of the subject, remarks — “ the failure of the principal to ,pay or surrender, is vested by the executions issued. But to take them out, or either of them, for a moment only, would be a mockery. No actual search could be made. 1 apprehend, then, that the execution must have remained *424 with the sheriff throughout the vacation, i e,from the test to the return, before the bail becomes fixed.”
In the case of Saunders vs. Bobo, Judge Johnson seems to have taken it for granted that no return made by the sheriff, before the return day of the ca. sa. could fix the liability of bail. “ By the Act of 1799, the sheriff is required to make his return to the clerk of the court, fifteen days before the sitting of such court.” The judge goes on to say that “regularly the sheriff could not make his return until the day on which the ca. sa. was returnable; and if Grimke, (the principal in the bond under consideration) had surrendered himself in the interval between the sheriff’s return of the 3d of September, and the next term, the return would have been falsified,” This comes from a judge of great experience, and who must have had occasion to consider the subject as one of practical interest to the profession. I do not regard his remarks, here quoted, as mere dicta, but as essentially entering into the judgment delivered by the court. He did not regard the return made before the return day of the ca. sa. as the return required by law, so far as it regarded the time when it was made. It did not fix the bail de jure, nor could it do so, unless it was made on the return day of the ca. sa. For, until,that time, it was to remain in the hands of the sheriff, subject, if practicable, to be executed. This judgment, for judgment I must regard it, is entirely consistent with the practice in the courts of Westminster. I will venture the assertion, that no English case can be found in which a return of a ca. sa. has been made before the day mentioned in the writ, for the purpose of fixing bail. Indeed, it would seem to follow, from the directions of the writ itself, that the sheriff must keep it, unless actually executed, until the return day named in it. In England, there are certain fixed days, known as days “in bank,” upon some of which all original writs must be made returnable; they are called general returns of the term.
There are other days, called particular return days, on which all other writs, except onginals, or those founded upon them, may be returned. The first are regulated by *425 statute ; but the latter return days — such as may be termed particular return days, are specially named in the process itself. The nature of the process will indicate the difference between them. But in both instances, the return day is in term time. (Sec 1 Sellon’s Practice, 8, 9 and 10.)
For the purpose of fixing the bail, it is' indispensable that a ca. sa. should be sued out, and made returnable on some day. Such writs must have a test and a return day. In case of proceedings requiring a particular return day, eight days from one to the other will be sufficient for a ca. sa. to run — and fifteen days, in case of a general return day, are allowed from the test to the return. But in all cases the ca. sa. must be left in the sheriff’s office; and be left there four days before the return. The sheriff then returns it non est inventus. (2 Sellon’s Prac. 46.) The reason of this is explained in Burr. 1360. It is as a warning of the plaintiff, that he means to proceed against the bail; or as notice that plaintiff will proceed against the defendant; and it seems to be the duty of the bail to search whether there is a ca. sa. in the office; as the sheriff is not required, in fact, to make any exertion to find him. De jure, the bail becomes fixed on the return of non est inventus, made always on the expiration of the ca. sa. Thereupon another process, either sci. fa. or writ in debt, is taken out, and isas “process on process.” This must have a test and return day also — and in case of sci. fa. the bail will'have, ex gratia, until the last return day named in the second sci. fa. to surrender the principal; subject, however, to the order of the court — which will be noticed, in its place.
Our return days, in this State, are fixed by statute, and may be characterized as general return days. The interval from the test to the return is much greater here than in England, if we calculate from term to term; but under our practice, as altered by the Act of 1827, whilst there must be a certain return day, the day of the test may be only that on. which the process was sued out, or at some day before that time. In practice, however, a ca. sa. may lie in the sheriff’s office from term to term, if it be taken *426 out and dated as of the term in which the judgment WaS recovered.
The important inquiry now is, not as to the test, but as to the return day*
In conformity with the 1st sec. of the Act of 1827, 6 Stat. 324, to prevent the frequent renewals of executions, the ca. sa> concludes with the direction to the sheriff — “and have you there this writ before the clefk of the court, according to law.” Upon what return day, then, must the sheriff have the writ before the clerk ?
This inquiry brings tip the 2d question which I have proposed to consider in the case. The 2d section of the Act referred to provides minutely for the mode of proceeding on final process,' respecting the returns of the sheriff, and concludes as follows And the returns of said officer, made as aforesaid, shall, for the fixing of bail and all other purposes, have the same legal effect as if the said process had been made returnable to the term succeeding its first lodgment, and renewed after each subsequent regular term.” Here, the first day of the term succeeding its first lodgment, is made the return day of the writ. The term, and not the sheriff’s ordinary return day under the Act of 1799, is made the general return day. Before that time, the sheriff has no right to give an account of his proceedings under the wrifc — and at that time he must do So. And during all this time that the sheriff has to act on the Writ, the bail have the right to surrender, their principal. Interest and duty will prompt them to do it as soon as they can, for the purpose of relieving themselves from certain liability. In England, the sheriff would not be required to make any actual search , but here, it is otherwise.
I understand, from inquiries which I have made of some Of the old practitioners, that no writ on the bail bond was sued out under the Act of 1799, until the ca. sa. was fétüMed — but that it vvas the practice of some to take out a writ on the bond, against the bail, on the day that the cct. sa. was returned. This was a practice not alto* getlier without countenance in the mode of proceeding in England ; with this understanding, that it was immaterial, there, at what time a sci. fa. might be taken out, as it had *427 some future return day to which it was to ran, and within which time the bail, as a matter of grace, might make a surrender of their principal.
That suggests the 3d and last matter to be considered — r that is, when the bail has been fixed, by a return non est, and a writ against the bail, on the bond, has been sued out, what would be the privileges of bail in such case?
In the case of Mannin vs, Patridge, 14 East, 598, Lord Ellenborough, in delivering the judgment of the court, held that the bail are- entitled to be discharged, upon their bankrupt principal’s obtaining his certificate before the time allowed to them by the indulgence of the court for rendering their principal is out, i e, before the appearance day of the last sci. fa; but the bail not having applied in time to enter an exoneretur on the bail piece till after the money levied on them, they can only be relieved on the payment of costs. This would seem to be giving the bail great indulgence, and shews the liberal disposition of the English courts on the subject. By analogy here, where the proceeding against the bail'is usually by an action of debt on the bond, wbiph is distinguishable from the more prompt proceeding on a recognizance — -the course to be pursued should be, to allow the bail the whole time till the return of the writ against them, for the surrender of the principal, (the return day in this case being fifteen days before the term next ensuing after the test of the writ;) but, nevertheless, to be subject to such order as th,e court, in the exercise of its grace, may think proper to impose. And in all such cases, the bail should not be permitted to make the surrender, without coming under terms to pay the costs which had been incurred by the proceedings against themselves, I am inclined to think the principle would go further, and would authorize a judge to refuse to allow the bail the right of surrender, when he has not tendered it before the next term, after the return of non est inventus. But it is unnecessary to go so far in this case.
To apply the principles to the case under consideration, and what is it ? Why, that no return of non est inventus has ever been made by the s'herjfl&wkey;not even on the return *428 of the ca. sa. — and, as Judge Johnson says in the case of Saunders vs. Bobo, if there had been a surrender of the principal after the 8th of July, and before the next term in October, it would have falsified the alleged return of non est, and, of course, the return would have been null and void, even if it had been regularly made at its date and sworn to. For, according to what I have said, no return could be made by the sheriff, or by leave of the court, before return day ; and if I were now to allow that return to stand, as though it were pi’operly made on the true return day, as I think might be done, still the writ would be issued before its completion, and would, therefore, be premature.
It would be going too far to alter the date of the writ itself. As far as I could go, it would be to regard the writ as a good one for March Term, 1845; and if so, the bail came in time to have the surrender of their principal, made some time before, confirmed, in discharge of their liability. That, in effect, is the purport of the circuit decision ; and which is confirmed, upon the bail’s paying the cost which the plaintiff has incurred since the commencement of the action against them; for they come to claim the favor of the court after the time when they should have been fixed by a return of non est inventus; and, hence, must submit to such terms as the court may think proper to impose. This is the more readily done, as the plaintiff may have been misled by the confusion arising from our decisions on the subject. Motion refused.
Richaudson, Evans, Waudlaw and Fkost, JJ. concurred.